UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60754-CIV-ALTMAN/Hunt

**TINA GIANNOLA,**

    Plaintiff,

v.

**D&S MANAGEMENT SERVICES, INC,**
a Florida Corporation, and
**DANIEL GROSSMAN**, an Individual,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon the parties' Renewed Joint Motion to Approve Settlement (the "Motion") [ECF No. 27], filed on June 11, 2019. The Motion seeks the Court's approval of the parties' proposed Settlement Agreement (the "Agreement") [ECF No. 27-1], which includes a provision for the award of attorney's fees. The Court has carefully considered the Motion, the Agreement, the record, and the applicable law.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis added) (citations omitted).

The following is a non-exhaustive list of factors that courts must consider in determining whether a request for attorney's fees is reasonable:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to the acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

The parties have agreed to settle this lawsuit for $25,000. *See* Agreement ¶ 2. That total includes $8,000 for the Plaintiff and $17,000—over twice as much—for the Plaintiff's lawyer. *See id.* But neither the Motion nor the Agreement includes any affidavits or exhibits detailing either the number of hours Plaintiff's counsel worked on the case, the description of the work Plaintiff's counsel performed, or the applicable hourly rates. *See generally id.* Without that information, the Court cannot scrutinize the reasonableness of the attorney's fees set forth in the Agreement.

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The parties' Renewed Joint Motion to Approve Settlement **[ECF No. 27]** is **DENIED without prejudice**.

2. By **June 20, 2019**, the parties shall submit a revised Motion and Agreement, together with a proposed order and affidavits or exhibits that specifically address the Court's questions with respect to the reasonableness of the attorneys' fees and costs.

3. In the meantime, the clerk of Court is directed to **CLOSE** this case. The parties can ask the Court to reopen this case at any time.

4. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 12th day of June, 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record